## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

---

| | | |
|---|---|---|
| ROLF HAZLEHURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 17-cv-2095-STA-egb |
| | ) | |
| CENTERS FOR DISEASE CONTROL, | ) | |
| | ) | |
| Defendant. | ) | |

---

### ANSWER

---

Defendant, the Centers for Disease Control and Prevention (CDC), by and through the undersigned counsel, hereby answers the allegations in Plaintiff's Complaint (Docket Entry (D.E.) 1), filed on February 10, 2017, in the above-captioned matter, as follows:

The unnumbered paragraph under the caption of the Complaint comprises a summary of the prayer for relief and no response is necessary. In addition, because this unnumbered paragraph summarizes relief that is separately and more specifically set forth in other parts of the Complaint, no additional response to this unnumbered paragraph is required. To the extent a response is required, the CDC denies the allegations contained in the unnumbered paragraph of the Complaint.

1.      Paragraph 1 of the Complaint comprises an introductory statement of the legal basis for the claims alleged in the Complaint and no response is necessary. In addition, because this paragraph summarizes allegations that are separately and more specifically set forth in other paragraphs of the Complaint, no additional response to this paragraph is required. To the extent a response is required, the CDC denies the allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint purports to state a legal conclusion to which no response is required or appropriate.  To the extent any response is required or appropriate, the CDC does not dispute that the Court may properly exercise jurisdiction over the subject matter of this lawsuit or that venue is proper.

## FACTUAL BACKGROUND

3.      The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

4.      The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5.      The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      In response to footnote 1 and the first sentence of Paragraph 6 of the Complaint, the CDC admits that it maintains a webpage at https://www.cdc.gov/vaccine-safety/concerns/autism.html which speaks for itself and, as such, no response is required or appropriate.  The CDC otherwise denies the remaining allegations contained in the first sentence of Paragraph 6 of the Complaint.  In response to the second sentence of Paragraph 6 of the Complaint, the CDC admits that there is a study entitled *Age at First Measles-Mumps-Rubella Vaccination in Children With Autism and School-Matched Control Subjects: A Population-Based Study in Metropolitan Atlanta* which speaks for itself and, as such, no response is required or appropriate.  The CDC otherwise is without sufficient information or belief to admit or deny the remaining allegations in the second sentence of Paragraph 6 of the Complaint, and therefore denies them.

7.      The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.      The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.      The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10.      The CDC is without sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 10 of the Complaint concerning Exhibit B to Dr. English's affidavit.  In response to footnote 2 and the remaining allegations in the first sentence of Paragraph 10 of the Complaint, the CDC admits that it maintains a webpage at https://www.cdc.gov/vaccinesafety/concerns/autism.html which speaks for itself and, as such, no response is required or appropriate    The CDC otherwise denies the remaining allegations contained in footnote 2 and the first sentence of Paragraph 10 of the Complaint. The CDC is without sufficient information or knowledge to admit or deny the allegations contained in footnote 3 or the remaining allegations in Paragraph 10 of the Complaint, and therefore denies them.

11.      The CDC is without sufficient information or knowledge to admit or deny the allegations contained in the first and fourth sentences of Paragraph 11 of the Complaint, and therefore denies them.  The CDC denies the allegations contained in the second and fifth sentences of Paragraph 11 of the Complaint. In response to the allegations in the third sentence of Paragraph 11 of the Complaint, the CDC admits that those are proper citations to opinions from the United States Court of Federal Claims and a Special Master, the substance of which speaks for itself and, as such, no response is required or appropriate.   The CDC is otherwise without sufficient

information or knowledge to admit or deny the remaining allegations contained in the third sentence of Paragraph 11 of the Complaint, and therefore denies them.

12.     The CDC admits that there is a 2004 study entitled *Age at First Measles-Mumps-Rubella Vaccination in Children With Autism and School-Matched Control Subjects: A Population-Based Study in Metropolitan Atlanta* which speaks for itself and, as such, no response is required or appropriate.  The CDC admits that allegations have been made about aspects of this 2004 study, and the CDC is currently reviewing those allegations regarding the 2004 study's scientific review process and conclusions drawn through the normal HHS scientific integrity review process.  Until such review is completed, the CDC is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     The CDC admits that the website in footnote 4 of Paragraph 13 of the Complaint hosts what purports to be a statement by Dr. William W. Thompson which speaks for itself and, as such, no response is required or appropriate.  The CDC admits that allegations have been made about aspects of this 2004 study, and the CDC is currently reviewing those allegations regarding the 2004 study's scientific review process and conclusions drawn through the normal HHS scientific integrity review process.  Until such review is completed, the CDC is without sufficient information or knowledge to admit or deny the remaining allegations contained in footnote 4 and Paragraph 13 of the Complaint, and therefore denies them.

14.     The CDC admits that Paragraph 14 of the Complaint purports to include a statement from Dr. William W. Thompson at 161 Cong. Rec. H5602 (July 29, 2015) which speaks for itself, and, as such, no response is required or appropriate.  The CDC is without sufficient information

or knowledge to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15.     The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

16.     The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17.     The CDC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore denies them.

18.     The CDC admits that Plaintiff filed a request with the CDC on September 9, 2016, pursuant to 45 C.F.R. § 2.4 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) to obtain the testimony of Dr. William W. Thompson.  In response to **Exhibit 1** to Paragraph 18 of the Complaint, the document speaks for itself and, as such, no response is required or appropriate. The CDC otherwise denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint states a legal conclusion and does not contain a factual allegation requiring an admission or a denial.  To the extent a response is required, the CDC denies the allegations contained in Paragraph 19 of the Complaint.

20.     The CDC admits that it responded to Plaintiff's 45 C.F.R. § 2.4(a) and *Touhy* request on September 22, 2016.  In response to **Exhibit 2** to Paragraph 20 of the Complaint, the document speaks for itself and, as such, no response is required or appropriate  The CDC otherwise denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     The reasoning provided to Plaintiff in the CDC's September 22, 2016 response to Plaintiff's 45 C.F.R. § 2.4(a) and *Touhy* request speaks for itself and, as such, no response is

required or appropriate. The CDC otherwise denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     The reasoning provided to Plaintiff in the CDC's September 22, 2016 response to Plaintiff's 45 C.F.R. § 2.4(a) and *Touhy* request speaks for itself and, as such, no response is required or appropriate. The CDC otherwise denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     The reasoning provided to Plaintiff in the CDC's September 22, 2016 response to Plaintiff's 45 C.F.R. § 2.4(a) and *Touhy* request speaks for itself and, as such, no response is required or appropriate. The CDC otherwise denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     The reasoning provided to Plaintiff in the CDC's September 22, 2016 response to Plaintiff's 45 C.F.R. § 2.4(a) and *Touhy* request speaks for itself and, as such, no response is required or appropriate. The CDC otherwise denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     The reasoning provided to Plaintiff in the CDC's September 22, 2016 response to Plaintiff's 45 C.F.R. § 2.4(a) and *Touhy* request speaks for itself and, as such, no response is required or appropriate. The CDC otherwise denies the remaining allegations contained in Paragraph 25 of the Complaint.

## COUNT ONE – ADMINISTRATIVE PROCEDURE ACT

26.     Paragraph 26 of the Complaint states a legal conclusion and does not contain a factual allegation requiring an admission or a denial. To the extent a response is required, the CDC denies the allegations contained in Paragraph 26 of the Complaint.

27.     The CDC denies the allegations contained in Paragraph 27 of the Complaint.

28.    The CDC denies the allegations contained in Paragraph 28 and subparts a-d of the Complaint.

29.    The CDC denies the allegations contained in Paragraph 29 of the Complaint.

30.    The CDC denies the allegations contained in Paragraph 30 of the Complaint.

31.    The CDC denies the allegations contained in Paragraph 31 of the Complaint.

32.    The CDC denies the allegations contained in Paragraph 32 of the Complaint.

## PRAYER FOR RELIEF

The paragraphs following Paragraph 32 of the Complaint constitute a prayer for relief, to which no response is required.  To the extent Plaintiff's prayer for relief requires an answer, the CDC denies that Plaintiff is entitled to the relief set forth or to any relief whatsoever.

## GENERAL DENIAL

Any allegation set forth in the Complaint not specifically admitted or otherwise qualified by the CDC is denied.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to the CDC in this matter.  The CDC therefore asserts said affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, the CDC may withdraw any of the affirmative defenses deemed inapplicable to the facts of this case.  Further, the CDC reserves the right to amend its answer to assert additional defenses, cross-claims, counterclaims and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, the CDC asserts as follows:

1.    The CDC's denial of Plaintiff's *Touhy* request was not arbitrary, capricious, or contrary to law.

2.      The Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, having fully answered, the CDC requests that this action be dismissed at Plaintiff's cost, or alternatively that this action be set on the Court's administrative track and that the Court grant such further relief to the CDC as may be appropriate.

Respectfully submitted,

LAWRENCE J. LAURENZI
Acting United States Attorney

s/ James M. Waldrop (GA Bar# 349571)
James M. Waldrop
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
james.waldrop@usdoj.gov


Of counsel:

Kevin M. Malone
Senior Attorney
HHS Office of the General Counsel
Public Health Division/CDC Branch
1600 Clifton Rd., N.E., MS-D53
Atlanta, Georgia 30333
(404) 639-7201
KMalone@cdc.gov

## <u>CERTIFICATE OF SERVICE</u>

I, James M. Waldrop, Assistant U.S. Attorney, certify that the foregoing has been electronically filed on this date. I further certify that to the best of my knowledge, a true and correct copy of the foregoing, along with a Notice of Electronic Filing, will be delivered electronically through the Court's ECF system to W. Bryan Smith, Attorney for Plaintiff, on the 17th day of April, 2017.

s/ James M. Waldrop
Assistant United States Attorney
