IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROLF HAZLEHURST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:17-cv-02095-STA-egb |
| ) | |
| CENTERS FOR DISEASE CONTROL, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND
DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

On February 10, 2017, Plaintiff Rolf Hazlehurst filed a complaint seeking judicial review of the final agency action of the Centers for Disease Control and Prevention ("CDC"), denying his request for permission to depose Dr. William Thompson, an employee of the CDC. (ECF No. 1.) The complaint was filed pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*. Plaintiff contends that the denial of his request was arbitrary and capricious. Plaintiff seeks a judgment declaring that he may depose Dr. Thompson and an injunction prohibiting the CDC from stopping the deposition.[1]

At a scheduling conference held on May 1, 2017, the parties agreed that the matter should be decided on the briefs, and a joint administrative track scheduling order was entered that same

---

[1] If the Court were to conclude that the denial was arbitrary and capricious, Plaintiff is not entitled to injunctive and declaratory relief; instead, the proper remedy would be to remand the matter to the CDC for further consideration. *See OhioHealth Corp. v. U.S. Dep't of Veteran Affairs*, 2014 WL 4660092 at *7 (S.D. Ohio Sept. 17, 2014) (remanding *Touhy* denial because "[i]t is not the Court's place …to issue a new decision based on a *de novo* inquiry of this matter. Instead, the proper remedy is to remand this issue back to the VA for further investigation and explanation").

day. (ECF Nos. 25, 26.) On May 15, 2017, Defendant CDC filed a copy of the administrative record. (ECF No. 27.) Defendant has filed a motion for summary judgment (ECF No. 28), and, in response, Plaintiff filed a cross-motion for summary judgment. (ECF No. 30.) Defendant has filed its response to Plaintiff's cross-motion. (ECF No. 35.) Additionally, Plaintiff has filed a motion to supplement the administrative record. (ECF No. 29.) Defendant has filed a response opposing Plaintiff's motion to supplement.[2] (ECF No. 34.)

For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**, Plaintiff's cross-motion for summary judgment is **DENIED**, and Plaintiff's motion to supplement the administrative record is **DENIED**.

Background

Pursuant to 5 U.S.C. § 301, a federal agency may enact procedures for responding to subpoenas and other requests for testimony. Agencies may "prescribe regulations of the government of [its] department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." *Id.* These regulations are known as *Touhy* regulations, and requests made under them are called *Touhy* requests. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (upholding agencies' authority to create such regulations). "When a litigant seeks to obtain documents from a non-party federal governmental agency," for use in a state court action, the "state-court litigant must request the documents from the federal agency pursuant to the agency's [*Touhy*] regulations . . . . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Rimmer v.*

---

[2] On July 7, 2017, the Court entered an agreed order temporarily sealing Plaintiff's motion to supplement the record until such time as that matter can be fully briefed. (ECF No. 36.)

*Holder*, 700 F.3d 246, 262 (6th Cir. 2012) (quoting *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211–12 (D.C. Cir. 1996)).

The *Touhy* regulations of the Department of Health and Human Services ("DHHS") are found at 45 C.F.R. §§ 2.1–2.6.[3] Section 2.1 provides in pertinent part that the "availability of Department employees to testify in litigation not involving federal parties is governed by the Department's policy to maintain strict impartiality with respect to private litigants and to minimize the disruption of official duties." 45 C.F.R. § 2.1(b). Additionally:

> No employee or former employee of the DHHS may provide testimony or produce documents in any proceedings to which this part applies concerning information acquired in the course of performing official duties or because of the person's official relationship with the Department unless authorized by the Agency head pursuant to this part based on a determination by the Agency head, after consultation with the Office of the General Counsel, that compliance with the request would promote the objectives of the Department.

45 C.F.R. § 2.3. The procedures under which a party may request the testimony of a DHHS employee are set forth in Section 2.4(a):

> All requests for testimony by an employee or former employee of the DHHS in his official capacity and not subject to the exceptions set forth in § 2.1(d) of this part must be addressed to the Agency head in writing and must state the nature of the requested testimony, why the information sought is unavailable by any other means, and the reasons why the testimony would be in the interest of the DHHS or the federal government.

45 C.F.R. § 2.4(a). Thus, a party requesting testimony from a current DHHS employee, such as Dr. Thompson, must state in writing: (1) the nature of the testimony sought; (2) why it is unavailable through other means; and (3) why the testimony would be in the interest of the DHHS or the federal government.

On September 9, 2016, Plaintiff sought permission to depose Dr. Thompson, pursuant to the *Touhy* regulations of the DHHS. Plaintiff sought testimony from Dr. Thompson as part of his

---

[3] The CDC is a "component agency" of the DHHS. (Frieden Resp., p. 10, ECF No. 27.)

medical malpractice action against The Jackson Clinic Professional Association ("the Jackson Clinic") and Dr. E. Carlton Hays pending in the Circuit Court of Madison County, Tennessee.[4] Plaintiff alleges that certain violations of the applicable standard of care by Dr. Hays and the Jackson Clinic in the administration of vaccines to his son caused his son to develop autism.

As part of his duties as a CDC employee, Dr. Thompson co-authored a 2004 study entitled *Age at First Measles-Mumps-Rubella Vaccination in Children with Autism and School-matched Control Subjects: A Population-Based Study in Metropolitan Atlanta* ("the MMR Study"). Plaintiff contends that Dr. Thompson's deposition is necessary because the state court defendants are relying on the MMR Study to show that their alleged negligence was not a cause-in-fact of Plaintiff's son's autism. According to Plaintiff, Dr. Thompson's deposition testimony may cast doubt on the validity of the data used in the MMR Study and whether the assumptions and conclusions drawn from that data are reliable.

Dr. Thompson had no involvement in the facts giving rise to the state court litigation and cannot be deposed as a fact witness. Neither Dr. Thompson nor the CDC is a party to the state court action.

On September 22, 2016, CDC Director Thomas R. Frieden denied Plaintiff's *Touhy* request on the grounds that (1) the information Plaintiff seeks from deposing Dr. Thompson is available by other means; (2) Plaintiff's request failed to adequately explain how Dr. Thompson's deposition in private litigation would promote the objectives and interests of the DHHS or the CDC; and (3) compliance with Plaintiff's request would disrupt DHHS operations by requiring a current CDC employee to forego his official duties to participate in private litigation, which would hinder the CDC's ability to control the spread of infectious diseases and

---

[4] The state court action is set for trial on July 31, 2017.

compromise its impartiality in future state court litigation, investigations, and lawsuits. Director Frieden consulted with the Office of the General Counsel prior to making his decision.

Plaintiff filed this action on February 10, 2017, seeking review of Director Frieden's decision.

## Motion to Supplement the Administrative Record

The administrative record filed by Defendant CDC consists of (1) Plaintiff's letter of September 9, 2016, requesting that the CDC Director approve Dr. Thompson's deposition testimony and (2) Director Frieden's letter of September 22, 2016, refusing to approve the request. (ECF No. 27.) Attached to Plaintiff's request letter is an order from the state court granting Plaintiff's motion for continuance in the underlying state court action to allow Plaintiff additional time to obtain Dr. Thompson's testimony. (*Id.*)

Plaintiff seeks to supplement the administrative record to include various documents that he contends are related to Dr. Thompson's alleged allegations of scientific misconduct as to whether vaccines can cause autism, including a "whistleblower document" filed by Dr. Thompson with Congress on September 9, 2014. (Sealed Exh. I , ECF No. 29-2.) Plaintiff argues that the exhibits should be added to the administrative record "in order to provide a more complete picture for judicial review of the information actually available to CDC at the time of its *Touhy* denial." (Pl's Memo., p. 2, ECF No. 29-1.) According to Plaintiff, all of these documents were available to the CDC at the time of the denial of the request and contradict the CDC's statement that vaccines do not cause autism. (*Id.* at pp. 5-6.) Director Frieden based his denial, in part, on the premise that evidence shows that vaccines do not cause autism.

The motion is denied for several reasons. First, Plaintiff did not file a certificate of consultation with his motion as required by Local Rule 7.2(a)(1)(B) and as restated in the

5

scheduling order. (Schd. Order, p. 1, ECF No. 26 ("Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).")). Accordingly, because Plaintiff's counsel failed to consult with Defendant's counsel before seeking the relief requested, the motion is denied.

Additionally, the motion is untimely, and Plaintiff has failed to offer any explanation for the untimeliness. As noted by Defendant CDC, DHHS's regulations do not limit the length of a *Touhy* request or what materials may be included, and Plaintiff has not explained why the materials he now seeks to have the Court review were not included in his *Tuohy* request. Nor were the materials attached to the complaint, although Plaintiff did quote from portions of some of the material. (ECF No. 1.) The date set in the scheduling order for filing the administrative record was May 15, 2017. (Schd. Order, p. 1, ECF No. 26.) Defendant CDC timely filed the administrative record (ECF No. 27), but Plaintiff did not file his motion to supplement until June 21, 2017, more than a month after the deadline for filing the administrative record. Again, Plaintiff has offered no explanation for his tardiness. *C.f. Coal. for Advancement of Reg'l Transp. v. Fed. Highway Admin.*, 576 F. App'x 477, 487 (6th Cir. 2014) ("[P]laintiff had an opportunity to review the draft Administrative Record before it was finalized and did not identify any information that was missing at that time.")

The Court declines to excuse Plaintiff's failure to submit the proffered exhibits with his original *Touhy* request or with the complaint or prior to the deadline for filing the administrative record established by the scheduling order. Therefore, the motion is also denied on the ground of untimeliness.

Finally, Plaintiff has not met his burden of establishing any reason that would support supplementation of the administrative record. He has submitted no evidence showing that the

6

proffered exhibits were before Director Frieden when he denied Plaintiff's *Touhy* request or that these exhibits were negligently or intentionally omitted by the CDC from the administrative record. As explained in *Latin Americans for Soc. & Econ. Dev. v. Adm'r of Fed. Highway Admin.*, 756 F.3d 447 (6th Cir. 2014),

> Normally, a court's review of an agency action under the APA to determine whether the agency decision was arbitrary and capricious is limited to the administrative record, which includes materials compiled by the agency at the time its decision was made. However, certain circumstances justify supplementation of the administrative record. Such circumstances include when an agency has deliberately or negligently excluded certain documents from the record, or when a court needs certain "background" information to determine whether the agency has considered all relevant factors. **The burden is on the plaintiff to justify supplementation of the record and plaintiff must make a "strong showing" of bad faith.**

*Id.* at 464-65 (citations omitted) (emphasis added). *See also Harkness v. Sec'y of Navy*, 858 F.3d 437, 451 (6th Cir. 2017) (emphasizing that a "strong showing of bad faith" is required); *S. Forest Watch, Inc. v. Jewell*, 2015 WL 1457978 at *2 (E.D. Tenn. Mar. 30, 2015), *aff'd* 817 F.3d 965 (6th Cir. 2016) (same). This Court must presume that the CDC properly designated the administrative record absent clear evidence to the contrary. S*ee United States v. Martin*, 438 F.3d 621, 634 (6th Cir. 2006) (noting that agency action is entitled to a presumption of regularity that may be overcome only by "clear evidence").

Plaintiff has offered no evidence that any of the proffered exhibits were directly before Director Frieden when he reviewed Plaintiff's request. Although Plaintiff reasons that, because the exhibits were generally available to the CDC, they were indirectly before Director Frieden, he has pointed to nothing in the record to support his reasoning. Instead, Plaintiff merely argues that, because these exhibits relate to allegations made by Dr. Thompson, they must have been considered by Director Frieden. Plaintiff's argument is not persuasive. Defendant points out and the Court agrees that accepting Plaintiff's argument would impose the untenable position on

7

agency decision makers whereby they would be presumed to have knowledge of every document that might touch on an issue currently before that decision maker. *See Westchester Gen. Hosp. v. Dep't of Health & Human Servs.*, 770 F. Supp. 2d 1286, 1298 (S.D. Fla. 2011), *aff'd* 443 F. App'x 407 (11th Cir. 2011) (explaining that the court was "aware of no requirement imposed by any statute, regulation, or binding judicial opinion requiring the Department to make an exhaustive analysis of - to even consider if not specifically brought to its attention by the requesting party - all possibly relevant material in making its [*Tuohy*] determination, and to detail this exhaustive analysis in its denial letter.")

There is no factual support for Plaintiff's conclusion that the CDC omitted the exhibits from the administrative record intentionally, negligently, or in bad faith. Thus, Plaintiff has not overcome the strong presumption that the administrative record filed with the Court is complete. "[P]laintiff must identify reasonable non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *See Hickey v. Chadick*, 2009 WL 3064445 at * 2 (S.D. Ohio Sept. 18, 2009) (citations omitted) (denying plaintiff's motion to supplement because there was no factual support for plaintiff's argument that the agency deliberately and negligently excluded certain documents from the administrative record).

Nor does the Court need the proffered exhibits as "background" information to determine whether the agency has considered all relevant factors. In his response to Plaintiff's request, Director Frieden thoroughly discussed the relevant factors. Moreover, one of the proffered exhibits is a "pre-decisional draft" that would be of limited or no use to the Court in its review because it is not in a final form. (Sealed Exh. D, ECF No. 29-2.)

Plaintiff argues that the Court should allow the proffered exhibits to be made part of the record because they show that "vaccines do cause at least some cases of autism." (Pl's Sealed

8

Mot. p. 6, ECF No. 29-1.) This Court's role in the present action is to determine whether or not Director Frieden's decision was arbitrary and capricious – not whether vaccines cause autism. "There is no occasion for a judicial probe beyond the confines of a record which affords enough explanation to indicate whether the agency considered all relevant factors. If anything, a judicial venture outside the record can only serve either as background information, or to determine the presence of the requisite fullness of the reasons given; and it can never ... examine the propriety of the decision itself." *Hickey*, 2009 WL 3064445 at *4 (citation omitted). *See also Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty.*, 286 F.3d 382, 387 (6th Cir. 2002) (citation omitted) (reiterating that, in reviewing an agency action under the APA, the court considers "the administrative record already in existence, not some new record made initially in the reviewing court").

Plaintiff has not rebutted "the presumption of administrative regularity" necessary in order for the Court to grant the motion to supplement. *See Bullwinkel v. U.S. Dep't of Energy*, 2013 WL 384902 at *2 (W.D. Tenn. Jan. 16, 2013) (quoting *Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 33 (D.D.C. 2008)). Accordingly, the motion to supplement is denied. *See Weiss v. Kempthorne*, 2009 WL 2095997 at *2 (W.D. Mich. July 13, 2009) ("Supplementation of the record is an unusual action that is rarely appropriate.").

## Motions for Summary Judgment

Under the APA, when a district court is reviewing final agency action, the usual rules governing summary judgment do not apply. *See City of Cleveland v. Ohio*, 508 F.3d 827, 838 (6th Cir. 2007). Instead, a district court's review is limited to whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*; *see also* 5 U.S.C. § 706(2)(a) ("The reviewing court shall...hold unlawful and set aside agency

action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."). A determination of whether an agency's action was arbitrary, capricious, or an abuse of discretion must be made on the basis of the administrative record. *See* 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party").

Review under the arbitrary and capricious standard is narrow; the reviewing court may not substitute its judgment for that of the agency even if the court might otherwise disagree with the agency's decision. *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 375-77 (1989). An agency's decision is arbitrary and capricious when the agency relied on factors that Congress did not intended it to consider, "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007). "Agency action is 'not in accordance with the law' when it is in conflict with the language of the statute relied upon by the agency." *City of Cleveland*, 508 F.3d at 838 (citing 5 U.S.C. § 706(2)(A)).

In the present case, the parties have filed competing motions for summary judgment, with Plaintiff contending that the decision denying his request to depose Dr. Thompson was arbitrary and capricious and should be overturned and Defendant CDC contending that the decision was not arbitrary and capricious and should be upheld. The Court finds that the motion for summary judgment of the CDC should be granted and the motion for summary judgment of Plaintiff should be denied.

Plaintiff's request letter stated that testimony from Dr. Thompson regarding his work on the MMR Study was relevant to his pending state court malpractice action because the state court defendants had "cited the MMR Study conducted by Dr. Thompson as support for their assertion that the Defendants' negligence was not a cause in fact [of Plaintiff's son's] regressive autism." (Pl's Req. Lett., p. 3, ECF No. 27.) According to the letter, Dr. Thompson's testimony was necessary "to determine if the underlying data used in that study was valid, and if the assumptions made and conclusions drawn from the raw data was reliable, since the underlying data is no longer available." (*Id.* at p. 4.) Plaintiff planned to submit Dr. Thompson's testimony to the state court for consideration "in ruling on *Daubert* challenges to expert testimony." (*Id.* at p. 3.)

As an initial matter, the Court rejects Plaintiff's argument that Defendant CDC's response to his request letter was "nothing more than the usual boilerplate and conclusory unsupported arguments typically offered by agencies that erect a wall impossible for any litigant to scale." (Pl's Mot., p. 9, ECF No. 30-1.) To the contrary, Director Frieden offered detailed and case-specific reasons for declining Plaintiff's request as discussed below. *C.f. OhioHealth Corp.*, 2014 WL 4660092 at *5 ("The VA"s denial letters consisted largely of generalized assertions that did not appear to take into account the arguments and affidavits submitted in support of Plaintiffs' *Touhy* requests.")

Prior to stating his reasons for the denial, Director Frieden explained that "DHHS employees do not participate, give depositions or trial testimony, or provide consultations in their official capacities in private litigation or other proceedings in which the United States is not a party, absent authorization by the agency." (Frieden Resp., p. 10, ECF No. 27.) The principles underlying the DHHS's *Touhy* regulations are minimizing the disruption of employees' official

11

duties and the necessity of DHHS to maintain "strict impartiality in disputes between litigants." (*Id.*) Director Frieden then concluded that Plaintiff's request did not satisfy DHHS's *Touhy* regulations for several reasons.

Director Frieden rejected Plaintiff's contention that Dr. Thompson's deposition was the only way to obtain certain information regarding the MMR Study. Instead, the underlying data from the MMR Study was available to be reviewed and opined on by Plaintiff's own experts, rather than using a CDC employee to analyze the data. Director Frieden provided a link for Plaintiff to find more information on how to access the public-use database.

Although Plaintiff maintains that the data from the MMR Study is not available because interested parties must complete a proposal request form before receiving access to the data, as noted by Defendant, this requirement does not make the data unavailable. Plaintiff has submitted no evidence that he ever tried and failed to obtain the data or conduct the analysis that he seeks to elicit by deposing Dr. Thompson.

Plaintiff contends that Dr. Thompson's allegations render any publically available data useless because the MMR Study's authors intentionally destroyed data and altered scientific research. However, this contention was not presented in the *Touhy* request. Instead, the request merely claimed that the conclusions drawn from the CDC studies were flawed and that, based on comments by Dr. Thompson, there was destruction of some information. Plaintiff did not meet his burden of presenting all relevant information to Director Frieden so he could make an informed decision regarding the *Touhy* request instead of presenting generic arguments. *See Westchester Gen. Hosp.*, 770 F. Supp. at 1290 (affirming agency denial of *Touhy* request and pointing out that the request "mostly parrots the language of DHHS's regulations but fails to

actually set forth any detail"). The Court finds that Director's Frieden's denial of Plaintiff's request on this ground was not arbitrary and capricious.

Next, Director Frieden determined that Dr. Thompson's deposition would not further the interest of the United States in promoting public health. Director Frieden acknowledged "that allegations have been made about aspects of one of the studies" but noted that the "CDC is currently reviewing those allegations regarding the [MMR] study's scientific review process and conclusions drawn" and affirmed that the "CDC still considers the studies to be valid and to provide further evidence, along with a large body of other scientific studies, that vaccines do not cause autism." (Frieden Resp., p. 11, ECF No. 27.) Director Frieden explained that private litigation was "not the proper forum to address those concerns." (*Id.*) Instead, DHHS's "objective of ensuring the integrity of its scientific work and resulting publications is better addressed through normal scientific and other processes and is not served by providing testimony in an individual case." (*Id.*)

The Court finds that this reasoning is not arbitrary and capricious because, as correctly noted by Defendant, accepting Plaintiff's argument would create a situation whereby any disagreement about conclusions reached in a government-sponsored study would be sufficient to allow a private litigant to compel the testimony of a federal employee. *See Teva Parenteral Meds., Inc. v. U.S. Dep't of Health and Human Servs.*, 2012 WL 4788053 at *4 (D.D.C. Oct. 9, 2012) ("[I]f the CDC were to determine that the interests advocated by plaintiffs here - preventing the spread of disease and identifying unsafe healthcare practices - satisfy the *Touhy* requirements, then any litigation even tangentially related to the spread of infectious disease would also be in the interest of the CDC. Plaintiffs have not established how permitting the CDC

13

employees to testify serves anyone's interests other than Plaintiffs' interest in bolstering their case in the pending state court proceedings.")

Plaintiff relies on *In re Vioxx Products Liability Litigation,* 235 F.R.D. 334, 336-37 (E.D. La. 2006)*,* in support of his argument that it is in the public's interest for an agency to produce a whistleblower for a deposition during private litigation. Plaintiff's reliance on this case is misplaced. Pursuant to the FDA's *Touhy* regulations, the *In re Vioxx* plaintiffs sought to depose an FDA doctor. In rejecting the agency's arguments that the deposition would divert FDA resources and involve the FDA in private litigation, the court emphasized the fact that the FDA had previously allowed the doctor to appear on television, be interviewed by magazines and newspapers regarding his opinions about the drug, and give speeches at professional meetings about the FDA's involvement with Vioxx. *Id.* at 345-46. Moreover, the FDA routinely produced employees for depositions in other cases. *Id.* at 345. Here, there is no evidence that the CDC has ever given approval for Dr. Thompson to appear on behalf of the agency on television or in any other media format to discuss the information Plaintiff wants to elicit through deposition testimony.

Plaintiff also contends that Dr. Thompson's deposition in the state court litigation is proper under Rule 26 of the Tennessee Rules of Civil Procedure, which allows for the discovery of relevant information. However, as Director Frieden noted in his response to Plaintiff's request, it is the DHHS's policy to comply with a state's procedural and substantive rules only when it is "subject to the jurisdiction of a court or other tribunal." 45 C.F.R. § 2.1(b). Defendant CDC is not a party to the state court action and, therefore, is not bound by the Tennessee Rules of Civil Procedure.

14

Plaintiff has failed to show that Director Frieden's decision that Dr. Thompson's deposition would not promote the federal interest in public health was arbitrary and capricious. *See Westchester Gen. Hosp., Inc.*, 770 F. Supp. 2d at 1290 (finding that plaintiff's *Touhy* request was properly denied by DHHS because it was "unclear how permitting [the employee's] testimony serves anyone's interest other than [Plaintiff's] interest in bolstering its case in the state . . . action").

Finally, Director Frieden relied on the ground that he could not view Plaintiff's "request in isolation, but must consider the cumulative impact of allowing such a request," as the "CDC receives numerous requests for testimony in litigation, administrative proceedings, and public hearings related to the work" it performs. (Frieden Resp., p. 11, ECF No. 27.) Director Frieden noted that the CDC "simply cannot accommodate all such requests for testimony and conduct its essential work on important public health matters." (*Id.*) The cumulative impact, explained Director Frieden, of allowing CDC employees to sacrifice their official responsibilities in order to testify in private litigation would "result in a potentially staggering loss to the agency's efforts in the prevention and control of infectious diseases, which are the leading cause of death worldwide." (*Id.*)

Director Frieden could properly rely on his concern about the cumulative impact of allowing employees and the accompanying drain on the CDC's resources to testify in private litigation as a reason for denying Plaintiff's request. *See Teva Parenteral*, 2012 WL 4788053 at *5 (citing *COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 278 (4th Cir. 1999)) (finding that the CDC's *Touhy* denial did not violate the APA because it was based on the agency's valid concern about the cumulative impact of allowing employees to testify in private litigation). Director Frieden "was acting within his discretion [in determining] that Plaintiffs' arguments in

15

favor of disclosure did not overcome the agency's presumption against providing employee testimony in private litigation." *Westchester*, 770 F. Supp. 2d at 1298-99 (citations omitted) ("[A]ny given request may seem small in isolation, but an agency has an interest in protecting itself against the cumulative disruption to its duties that would come with routinely granting requests for testimony.").

Plaintiff contends that this would be a one-time deposition. However, Plaintiff's *Touhy* request did not propose any dates or times for Dr. Thompson's deposition and did not explain why the deposition would be a one-time occurrence. *See Moore v. Armour Pharm. Co.*, 927 F.2d 1194,1197-98 (11th Cir. 1991) (rejecting plaintiffs' contention that a deposition would be a "one time thing" and holding that "[t]he plaintiffs' interest in getting the deposition of Dr. Evatt simply cannot compare to the government's interest in maximizing the use of its limited resources in dealing with a national health crisis. Each day that Dr. Evatt and other doctors employed by the CDC spend giving deposition testimony is a day they are kept from doing research that might save numerous lives"). *See also Nat. Res. Def. Council v. Cty. of Dickson Tennessee*, 2010 WL 11478994 at *8 (N.D. Ga. July 20, 2010) (quoting *Envtl. Enters., Inc. v. EPA*, 664 F. Supp. 585, 586 (D.D.C. 1987)) ("[I]f the EPA authorized Hill or his staff to be deposed in private litigation where the EPA is not a party, "the officials might find themselves spending all of their time doing nothing but complying with [subpoenas] and thus they would have little opportunity to pursue their important governmental responsibilities.").

The Court finds that the denial of permission to depose Dr. Thompson was not arbitrary and capricious. Director Frieden adequately considered the relevant factors, and his decision contains no clear error of judgment. Even if the Court might have reached a different decision, the Court must give substantial deference to the agency's decision when it is not arbitrary and

capricious and is supported by the administrative record, as in the present case. Accordingly, Defendant CDC's motion for summary judgment is **GRANTED**, and Plaintiff's cross-motion for summary judgment is **DENIED**. Judgment will be entered for Defendant CDC.

    **IT IS SO ORDERED.**

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    CHIEF UNITED STATES DISTRICT JUDGE

                                    Date:  July 18, 2017.